FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK ALLEN PLEASANT and TRALEN ROBERT DOLER,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT DAVID DUNCKLEY,<br><br>Defendant. | No. 2:24-CV-00224-RLP<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE** |

On September 11, 2025, Defendant Scott David Dunckley filed a Motion to Dismiss Plaintiff Mark Allen Pleasant's claims on the basis of Bankruptcy Judicial Estoppel, ECF No. 31. Mr. Pleasant opposed the Motion. ECF No. 34. Mr. Dunckley later filed a Motion to Strike the Motion to Dismiss, ECF No. 35. For the reasons set forth below, Mr. Dunckley's Motion to Dismiss is denied. His Motion to Strike is therefore denied as moot.

**ORDER DISMISSING MOTIONS** ~ 1

## DISCUSSION

Mr. Dunckley seeks dismissal of Mr. Pleasant's claims based on a 2016 bankruptcy petition. Mr. Pleasant argues the Court must convert the present Rule 12(b)(6) motion to dismiss into a motion for summary judgment because, in ruling on the motion, the Court will need to consider evidence outside the pleadings and judicially noticeable documents.

As a general rule, in considering a motion to dismiss, courts are limited to the allegations in the complaint and judicially-noticeable documents. The Court can, for example, take judicial notice of the docket in Mr. Pleasant's bankruptcy prior proceedings and the filing of specific documents in that case because the documents are public records. *See* 11 U.S.C. § 107(a) ("[A] paper filed in a case under this title and the dockets of a bankruptcy court are public records[.]"); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir. 2008) ("We take judicial notice of the bankruptcy court order, because it is a matter of public record." (citations omitted)).

A complaint may be dismissed on the basis of judicial estoppel where the Court does not need to consider evidence outside of the pleadings. *See Dzakula v. McHugh*, 746 F.3d 399 (9th Cir. 2014). However, where the Court finds it necessary to review evidence beyond the pleadings to assess whether prior bankruptcy proceedings foreclosed a claim, it must treat the motion as one for

**ORDER DISMISSING MOTIONS** ~ 2

summary judgment under Rule 56. *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013); *see also* FRCP 12(d).

Here, there is a dispute as to when Mr. Pleasant's claim began accruing. In Washington, the statute of limitations of childhood sexual abuse is tolled until the time in which the victim discovers the causal connection between the defendant's acts and the injuries for which the claim is brought. *Hollmann v. Corcoran*, 89 Wn. App. 323, 949 P.2d 386 (Wash. Ct. App. 1997). Mr. Pleasant has filed a declaration stating that his claim was tolled until around 2020 or 2021. ECF No. 34-1 at ¶17. Mr. Dunckley argues that it began in 1989, but provides no evidence disputing Mr. Pleasant's position. ECF No. 31 at 2. Reading these facts in the light most favorable to Mr. Pleasant[1], he has shown that a genuine issue of material fact exists such to survive a motion for summary judgment. *See* FRCP 56(a).

The deadline for dispositive motions has now closed. *See* ECF No. 26. The Court thus finds it necessary to schedule a status conference to address the current procedural posture of this case. Specifically, the Court requires clarification from the parties regarding how they intend to proceed in light of the motion to strike and

---

[1] In considering a motion for summary judgment, "[a]ll evidence and inferences must be construed in the light most favorable to the nonmoving party." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**ORDER DISMISSING MOTIONS** ~ 3

the representations made by the parties. Given that the dispositive motion deadline has passed, a status conference will allow the Court to establish an appropriate schedule for the remainder of this case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 31**, is **DENIED**.
2. Defendant's Motion to Strike**, ECF No. 35**, is **DENIED** as moot.
3. The Parties are instructed to contact the Courtroom Deputy at to schedule a status conference in this matter.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** November 3, 2025.

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

**ORDER DISMISSING MOTIONS** ~ 4